UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO ZAMBRANO GONZALEZ, | Case No. 1:22-cv-00271-HBK |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. No. 3) |
| RON GODWIN, WARDEN, | |
| Respondent. | |

Before the court is Petitioner's motion to appoint counsel. (Doc. No. 3). Petitioner, a state prisoner, has pending a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 1). Petitioner requests the court to appoint counsel to represent him because the issues in the case are complex, and he has a limited ability to read and write. (Doc. No. 3).

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for

effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  Petitioner was able to file his habeas petition without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex.  Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations.  Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court will consider appointing counsel to represent Petitioner if, after reviewing the record in further detail, the Court later finds good cause to permit discovery or decides that an evidentiary hearing is warranted in this matter.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 3) is **DENIED without prejudice**.

Dated:   March 22, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2